Argued April 27; affirmed May 11, 1948

HALL ET AL. *v.* MATHENY and OREGON PULP &
PAPER CO., a corporation

192 P. (2d) 981

*Robin Day,* of Salem, argued the cause and filed a
brief for appellant.

*George A. Rhoten* argued the cause for respondents.
On the brief were Rhoten & Rhoten, of Salem.

Before ROSSMAN, Chief Justice, and BELT, KELLY,
BAILEY and BRAND, Justices.

BAILEY, J.

This suit was brought by L. W. Hall, O. E.
Slocum, and Chester Stephens against S. P. Matheny
and Oregon Pulp & Paper Company, a corpo-

ration, to recover the balance due them from Matheny for felling and bucking trees and to foreclose a lien on logs in the possession of Oregon Pulp & Paper Company, in Marion County, Oregon. From a decree in favor of plaintiffs, defendant Matheny has appealed.

The complaint alleges that between the 12th day of August and the 11th day of September, 1946, plaintiffs performed labor for defendant Matheny at his special instance and request in the felling and bucking of 540,073 feet of logs; that the contract and agreed price for such work was $1,547.07; that no part thereof has been paid except the sum of $775, and that there is due and owing to plaintiffs from the defendant Matheny the sum of $772.07, with interest at the rate of 6% per annum from September 11, 1946.

It is further alleged that, for the purpose of securing payment of the amount due them, plaintiffs, on or about the 18th day of September, 1946, filed in Marion County where the labor was performed a notice of claim of lien; that a copy of such notice is attached to and made a part of the complaint; and that said notice of lien contained a true statement of plaintiffs' demand against defendant Matheny after deducting all proper credits and offsets.

The notice of claim of lien, omitting the signatures of the claimants and the verification thereof, is as follows:

"Notice is hereby given that L. W. Hall, O. E. Slocum and Chester Stephens claim a lien upon fir and alder logs, being about 540,000 feet, more or less, which were felled and/or bucked in Marion County, State of Oregon, and marked thus [describing it] in red or blue paint, and are now lying in Marion County, Oregon, in the Willamette River in the dump operated by the Oregon Pulp and

Paper Company, lumber division, for labor performed and rendered in the cutting and bucking of said logs.

"That the name of the owner or reputed owner is S. P. Matheny, sometimes known as Sam Matheny; that the said S. P. Matheny employed L. W. Hall, O. E. Slocum and Chester Stephens to perform such labor and render such assistance upon the following terms and conditions: 493,648 feet of fir felled and bucked at $3.00 per thousand; 2,524 feet of alder felled and bucked at $5.50 per thousand; 43,801 feet of fir bucked at $1.25 per thousand; said contract terms having been agreed upon for the payment to the claimants, who entered upon said labor as a whole, and portions thereof were not segregated; that said contract has been faithfully performed and fully complied with on the part of the said L. W. Hall, O. E. Slocum and Chester Stephens, who performed labor upon and assisted in the falling and bucking of said logs for the period of thirty (30) days. That said labor and assistance were so performed and rendered upon said property between the 12th day of August, 1946, and the 11th day of September, 1946, and that the rendition of such service was closed on the 11th day of September, 1946, and thirty days have not elapsed since that time.

"That the amount of claimants' demand for said services was and is the sum of $1,547.07, and that no part thereof has been paid, except the sum of $775.00, and that there is now due and remaining unpaid thereon, after deducting all credits and offsets, the sum of $772.07, which amount claimants claim upon said property."

The prayer of the complaint asks for judgment in favor of plaintiffs and against defendant Matheny for the balance due, for attorneys' fees, for the cost of preparing and recording the lien, and for the foreclosure of the lien.

Defendants, in their answer, allege that on or about the 12th day of August, 1946, plaintiffs entered into an oral agreement with defendant Matheny to fell and buck certain timber on the premises of defendant Matheny "for the sum of $3.00 per thousand and to cut and fell and buck certain alder timber on said premises for the sum of $5.50 per thousand, and to buck said timber already felled for the sum of $1.25 per thousand"; and that plaintiffs were to receive $1.75 per thousand for all timber felled and not bucked. Defendants further allege that pursuant to that agreement "plaintiffs bucked 43,801 feet of fir timber at $1.25 per thousand; felled and bucked 2,524 feet of alder timber at $5.50 per thousand; felled but did not buck 10,727 feet of fir timber at $1.75 per thousand and felled and bucked 318,040 feet of fir timber at $3.00 per thousand, making a total due to the plaintiffs from the defendants the sum of $1041.50, upon which defendant, S. P. Matheny advanced to and paid to the plaintiffs the sum of $775.00 leaving a balance due of $266.51 which said sum defendant, S. P. Matheny now tenders to the plaintiffs."

The court entered judgment in favor of plaintiffs and against defendant Matheny for $579.38, with interest at 6% from September 18, 1946, $6.85 as plaintiffs' costs in preparing and recording the notice of plaintiffs' lien, $100 attorneys' fees, and costs, and ordered that the lien be foreclosed.

■ Defendant Matheny sets forth only two assignments of error in his brief, the first of which is stated by him as follows: "The complaint does not state a cause of suit but does states a cause of action." In discussing this assignment defendant Matheny is continually referring to the evidence. He seems to be under

the impression that, because the allegations of the complaint are not supported by his conception of what the evidence proves, the complaint does not state a cause of suit. We have not attempted to set forth in detail all of the averments of the complaint but are of the opinion that the complaint not only states a cause of suit but that the allegations thereof are supported by the weight of the evidence. The sufficiency of a pleading is not affected by the evidence.

■ Under his second assignment of error defendant Matheny contends that the evidence fails to support the court's finding that 422,327 feet of fir timber were felled and bucked. There is no controversy that plaintiffs bucked 43,801 feet of fir, that they felled and bucked 2,524 feet of alder, and that they felled 10,727 feet of fir, nor is there any dispute as to the compensation which plaintiffs were to receive therefor. In their notice of lien plaintiffs claim that they had felled and bucked 493,648 feet of fir, whereas defendants admitted that they had felled and bucked 318,040 feet, and the court found the amount to be 422,327 feet. The plaintiffs kept a daily record of all the trees felled and bucked. The amount found by the court is 12,536 feet less than is shown by such record. It appears from the evidence that on September 7th plaintiffs felled and bucked 12,536 feet, which apparently was overlooked in making the computation.

The trial judge saw and heard the witnesses and resolved the conflict as to the number of feet of fir felled and bucked in favor of the plaintiffs. We are unable to say that his conclusion is not supported by the preponderance of the evidence. No error was committed by the circuit court.

The decree appealed from is affirmed.